**KROLL HEINEMAN CARTON LLC**
**SETH PTASIEWICZ, ESQ.  (SP8875)**
**99 Wood Avenue South, Suite 307**
**Iselin, New Jersey 08830**
**Tel: (732) 491-2100 Fax: (732) 491-2120**
**Attorneys for Defendants Zimmer Biomet Orthopedics**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ———————————————— x | | |
| MARIO EVANGELIST, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ZIMMER BIOMET ORTHOPEDICS and JOHN DOES 1-5 AND 6-10, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | **NOTICE OF REMOVAL OF A CIVIL ACTION** |
| | : | |
| | : | |
| ———————————————— X | | |

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE,** that pursuant to 28 U.S.C. § 1446 (a), Zimmer Biomet Orthopedics (sometimes referred to herein as "Defendant"), by and through its undersigned attorneys, Kroll Heineman Carton LLC, on this date has filed this Notice of Removal of a Civil Action from the Superior Court of New Jersey, Law Division, Burlington County, to the United States District Court for the District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446 (a), copies of which are attached hereto, and made part hereof respectfully shows:

1.      On January 11, 2018, Plaintiff Mario Evangelist, filed a civil action before the Superior Court of New Jersey, Law Division, Burlington County, bearing Docket Number BUR-L-74-18, entitled *Mario Evangelist, Plaintiff v. Zimmer Biomet Orthopedics and John Does 1-5 and 6-10, Defendants*, [*See* true and exact copy of the Complaint, dated January 11, 2018 and filed January 11, 2018, annexed hereto as Exhibit "A."]

2.      Upon information and belief, on January 29, 2018, Defendant was served with the Summons and Complaint. [*See* true and exact copy of the Summons, dated January 26, 2018 with covering letter and annexed hereto as Exhibit "B".]

3.      At all times material hereto, and continuing to the present, Zimmer Biomet Orthopedics is incorporated in the State of Delaware and is headquartered in Warsaw, Indiana. For purposes of establishing diversity jurisdiction, said defendant is deemed to be a citizen of the state where incorporated.  28 U.S.C. §1332(c)(1).

4.      Upon information and belief, at all times material hereto, and continuing to the present, plaintiff Mario Evangelist, is a citizen of the Commonwealth of Pennsylvania with a residence of 105 Sheppard Avenue, Teaneck, New Jersey 07666. .  [*See* Exhibit A, Complaint, p. 1. ].

5.      In regards to the fictitiously named "Doe" Defendants, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1) (emphasis added). Thus, "the citizenship of fictitious parties such as John Doe or ABC Corporation is disregarded for purposes of determining diversity." *Ortiz v. Richmond Elevator Co., Inc.*, 2015 WL 5945433, at *6 (D.N.J. Sept. 29, 2015) (citing 28 U.S.C. § 1441(b)(1)); *see also Harris v. Bristol–Myers Squibb Co.*, 2012 WL 1243260, at *2 n.9 (D.N.J.

Apr. 12, 2012) (holding that "the presence of fictitious defendants has no bearing on this Court's jurisdictional analysis" when diversity of citizenship is being addressed, and citing 28 U.S.C. § 1441(b)(1)). *Scott v. Dollar Tree Stores, Inc.*, 2017 WL 6447872, at *3 (D.N.J., 2017)(same).

6.     Briefly, plaintiff an employee of defendant Zimmer Biomet Orthopedics, alleges that he was subjected to retaliation for reporting an allegation of sexual harassment and subjected to harassment based upon his age, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

7.     The amount in controversy between the parties in this matter is in excess of $75,000.00, exclusive of interest and costs, as Plaintiff seeks compensatory and punitive damages and attorneys fees. [*See* Exhibit A, pages 4 and 6 of Complaint.]

8.     This action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) in that the matter in controversy is between citizens of different states and involves alleged damages in excess of $75,000.00.

10.     This Notice of Removal is timely filed within thirty (30) days after defendant was served with the Summons and Complaint pursuant to 28 U.S.C. § 1446(b).

11.     Defendant does not waive any objections, exceptions, or defenses to Plaintiff's Complaint, including, without limitations, failure to properly serve.

12.     Upon filing the within Notice of Removal in the office of the Clerk of the United States District Court for the District of New Jersey, the Defendant also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Burlington County, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1441 and U.S.C. § 1446(b). A true and exact copy of the Notice filed with the Superior Court of New Jersey is annexed hereto as Exhibit "C."

WHEREFORE, Defendant Zimmer Biomet Orthopedics prays that given that the statutory requirements having been met, that the above-captioned action now pending in Superior Court of New Jersey, Law Division, Burlington County, be removed therefrom to this Court.

**KROLL HEINEMAN CARTON LLC**
Attorneys for Defendant

By:_____
Seth Ptasiewicz, Esq. (SP 8875)

Dated: January 30, 2018

# EXHIBIT A

COSTELLO & MAINS, LLC
By: Daniel T. Silverman, Esquire
Attorney I.D. No. 017582008
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| MARIO EVANGELIST, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | BURLINGTON COUNTY - LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| ZIMMER BIOMET ORTHOPEDICS and | : | DOCKET NO: |
| JOHN DOES 1-5 AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Mario Evangelist, residing in Philadelphia, Pennsylvania, by way of Complaint against the defendants, says:

<u>Preliminary Statement</u>

This complaint arises out of plaintiff's employment alleging reprisal and age harassment in violation of the New Jersey Law Against Discrimination ("LAD").

1

### Identification of Parties

1.     Plaintiff Mario Evangelist is, at all relevant times herein, an employee of the defendants.

2.     Defendant Zimmer Biomet Orthopedics is, at all relevant times herein, an entity conducting business at 1001 Briggs Road, Suite 275, Mount Laurel, Burlington County, New Jersey and is plaintiff's employer.

3.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

### General Allegations

4.     Plaintiff has been employed by defendants since in or about February 2014 and continuing through the filing of this complaint.

5.     Plaintiff is an adult male, having been born in 1957.

6.     The first three years of plaintiff's employment was without issue.

7.     However, in or about late March or early April 2017, there was a change in management and plaintiff received a new supervisor, Eric Clark.

8.     Mr. Clark was a member of upper management as that term is defined under the LAD.

9.     In or about early May 2017, Mr. Clark sent a sexually suggestive email to one of plaintiff's co-workers, Danielle Bradley.

10.     Plaintiff also directly heard Mr. Clark commenting on the attractiveness of female employees' body parts.

11.     Plaintiff was of the reasonable belief that Mr. Clark's conduct was harassing.

2

12.     Accordingly, in early May 2017, plaintiff contacted defendant's internal hotline to register a complaint of sexual harassment.

13.     Plaintiff did, in fact, register that complaint of sexual harassment and identified himself by name.

14.     Plaintiff thereby engaged in LAD protected conduct.

15.     Thereafter, plaintiff was contacted by a human resources representative, Michael Scott, to discuss the allegations.

16.     After plaintiff made his complaint of sexual harassment, Mr. Clark began a campaign of retaliation against the plaintiff.

17.     On or about May 23, 2017, Mr. Clark called plaintiff into a meeting and falsely alleged that other employees claimed plaintiff "complained" all day.

18.     Plaintiff knew this to be false and protested the same.

19.     As a result of that meeting, Mr. Clark suspended plaintiff for two days.

20.     Thereafter, Mr. Clark and his superior, Tony Brandaris, regularly harassed the plaintiff, micromanaged his work, criticized plaintiff's performance, and generally created a hostile work environment.

21.     Again on August 30, 2017, Mr. Clark and Mr. Brandaris accused plaintiff of complaining in the workplace.

22.     This was false and done as a further means of intimidating and harassing the plaintiff.

23.     A determinative and/or motivating factor in the conduct towards the plaintiff was an intention to retaliate against him for his LAD protected conduct.

24.     In addition and/or in the alternative, plaintiff was harassed because of his age.

3

25.     In or about August 2017, plaintiff heard that Mr. Clark wanted to "get rid of all the old fucks."

26.     Around that time, two employees over the age of 50 were forced into retirement and another three employees over the age of 50 were fired.

27.     As of August 2017, plaintiff was 60 years old.

28.     The harassment was severe and/or pervasive.

29.     The harassment was such that a reasonable person of plaintiff's age would have found the work environment hostile, intimidating and/or abusive.

30.     The work environment did so alter for plaintiff.

31.     Due to the actions of defendants, plaintiff has been forced to suffer emotional harm.

32.     Because the above actions were undertaken by members of upper management and/or members of upper management were willfully indifferent to same and because the above actions are especially egregious, punitive damages are warranted.

## COUNT I

### Reprisal Under the LAD

33.     Plaintiff hereby repeats and realleges paragraphs 1 through 32, as though fully set forth herein.

34.     For the reasons set forth above, defendant is liable to plaintiff for reprisal in violation of the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages,

4

punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### Age Harassment Under the LAD

35.     Plaintiff hereby repeats and realleges paragraphs 1 through 34, as though fully set forth herein.

36.     For the reasons set forth above, defendant is liable to plaintiff for age harassment in violation of the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### Request for Equitable Relief

37.     Plaintiff hereby repeats and realleges paragraphs 1 through 36, as though fully set forth herein.

38.     Plaintiff requests the following equitable remedies and relief in this matter.

39.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

40.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

5

41.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

42.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

43.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

COSTELLO & MAINS, LLC

Dated: January 11, 2018

By: /s/ Daniel T. Silverman
     Daniel T. Silverman

6

BUR-L-000074-18   01/11/2018 10:08:19 AM  Pg 7 of 8 Trans ID: LCV201862631

## DEMAND TO PRESERVE EVIDENCE

1.    All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.    Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC

By:  /s/ Daniel T. Silverman
          Daniel T. Silverman

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC

By:  /s/ Daniel T. Silverman
          Daniel T. Silverman

## RULE 4:5-1 CERTIFICATION

1.     I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.     I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

COSTELLO & MAINS, LLC


By:  /s/ Daniel T. Silverman
       Daniel T. Silverman

## DESIGNATION OF TRIAL COUNSEL

Daniel T. Silverman, Esquire, of the law firm of Costello & Mains, LLC, is hereby-
designated trial counsel.

COSTELLO & MAINS, LLC


By:  /s/ Daniel T. Silverman
       Daniel T. Silverman

8

# EXHIBIT B

# Costello & Mains, LLC

Counselors at Law

Kevin M. Costello◊
Deborah L. Mains□
Daniel T. Silverman□



Drake P. Bearden, Jr. □
Michael J. Reilly +
John R. Johnson □
Marisa J. Hermanovich □

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

□ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars
Δ Pending Membership of the New Jersey Bar

www.CostelloMains.com
(856) 727-9700
(856) 727-9797 (fax)

January 26, 2018

**VIA PROCESS SERVER**
Zimmer Biomet Orthopedics
1001 Briggs Road, Suite 275
Mouth Laurel, NJ 08054

     Re:     Mario Evangelist v. Zimmer Biomet Orthopedics, et al.
                Docket No.: BUR-L-000074-18

To Whom It May Concern:

     Enclosed for service upon you please find the following: Summons and Complaint; Case Information Statement; track assignment; Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Request for Production of Documents to Defendants, in the above matter.

     Thank you.

                Very truly yours,

                COSTELLO & MAINS, LLC

                By:     _Daniel T. Silverman_
                     Daniel T. Silverman

DTS/nln
Enclosures
cc:   Mario Evangelist

18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054

**COSTELLO & MAINS, LLC**
By: Daniel T. Silverman
Attorney I.D. No. 017582008
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| MARIO EVANGELIST,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>ZIMMER BIOMET ORTHOPEDICS and<br>JOHN DOES 1-5 AND 6-10,<br><br>                    Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY - LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO: BUR-L-000074-18<br><br>**SUMMONS** |

From The State of New Jersey to the Defendant Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy

clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: January 26, 2018

Name of Defendant to be Served:          Zimmer Biomet Orthopedics

Address of Defendant to be Served:       1001 Briggs Road, Suite 275
                                         Mouth Laurel, NJ 08054

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

ESSEX COUNTY:
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior Court
1ᵉ Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

# EXHIBIT C

**KROLL HEINEMAN CARTON LLC**
**SETH PTASIEWICZ, ESQ.  (008171994)**
**99 Wood Avenue South, Suite 307**
**Iselin, New Jersey 08830**
**Tel: (732) 491-2100 Fax: (732) 491-2120**
**Attorneys for Defendants Zimmer Biomet Orthopedics**

---

| | |
|---|---|
| MARIO EVANGELIST,<br><br>                       Plaintiff,<br><br>     v.<br><br>ZIMMER BIOMET ORTHOPEDICS and JOHN<br>DOES 1-5 AND 6-10,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BURLINGTON<br>COUNTY<br>DOCKET NO.: BUR-L-74-18<br><br><br><br><br>NOTICE OF FILING OF NOTICE<br>OF REMOVAL OF A CIVIL<br>ACTION |

---

TO:   Clerk, Law Division
       Superior Court of New Jersey, Burlington County
       Burlington County Court Facility
       49 Rancocas Road
       Mount Holly, New Jersey 08060

*PLEASE TAKE NOTICE* that on January 30, 2018, Defendant Zimmer Biomet Orthopedics,

filed a notice of removal, pursuant to 28 U.S.C. § 1446(a) with the Clerk of the United States

District Court for the District of New Jersey to effect the removal of this action to the United

States District Court.  Accordingly, no further proceedings should be had in this matter in the

Superior Court of New Jersey.  A copy of the Notice of Removal Of Civil Action is attached, as

**Exhibit A**.

KROLL HEINEMAN CARTON, LLC
*Attorneys for Defendant*

By: _____
     Seth Ptasiewicz

Dated: January 30, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on behalf of the defendant, I caused the annexed Notice of Filing of

Notice of Removal to be electronically filed and served on this date with the:

Clerk, Law Division
Superior Court of New Jersey, Burlington County
Burlington County Court Facility
49 Rancocas Road
Mount Holly, New Jersey 08060

Daniel T. Silverman, Esq.
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
Attorneys for Plaintiff

I further certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

KROLL HEINEMAN CARTON LLC
Attorneys for Defendant


By:_____
            Seth Ptasiewicz, Esq.

Dated: January 30, 2018